UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHUA VUE XIONG,

        Plaintiff,

  v.                                       Case No. 08-C-76

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

**ORDER**

Plaintiff Chua Vue Xiong filed this action seeking judicial review of the final decision of the Commissioner of the Social Security Administration denying her applications for Disability Insurance Benefits ("DIB") under Title II and Supplementary Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). 42 U.S.C. § 405(g). Plaintiff alleged in her applications that she was disabled due to back pain, dizziness, depression, anxiety, headaches, tingling in the arms and legs, and panic attacks. In my review of the agency's decision, I reversed the decision of the Administrative Law Judge ("ALJ"). I concluded that although the evidence was sufficient to support the ALJ's findings as to plaintiff's Residual Functional Capacity ("RFC"), the ALJ failed to properly evaluate the requirements of plaintiff's past work. (Doc. # 24.)

This matter is before me now on plaintiff's motion for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Plaintiff filed a fee request for $5,070.92, accompanied by a supporting brief, on January 20, 2009. The Commissioner opposes the motion. As the time afforded plaintiff under Civil L.R. 7.1(b) to file a reply brief has expired, I now address

the motion. Because I conclude the Commissioner has demonstrated that his position was substantially justified for purposes of the EAJA, I will deny plaintiff's motion for attorney's fees.

**BACKGROUND**

The facts underlying plaintiff's complaint are set out in detail in the Court's decision ordering remand. Therefore, I will only provide a brief recitation here. Plaintiff made a claim for disability insurance benefits on June 2, 2004, claiming she became unable to work due to a disabling condition on May 7, 2001. (Tr. 58.) Plaintiff indicated an inability to work due to lack of concentration, numbness in her fingers and legs, lack of energy and panic attacks that lead to fainting. (Tr. 77.) She noted in her application that she was first bothered by these conditions in August 1989. Her claim also noted that due to her illness, her doctor had released her from work to stay at home permanently. (Tr. 77.) At the time of the hearing before the ALJ, Plaintiff testified that she had difficulty sleeping, suffered from headaches, dizziness, a stomachache and pain everywhere. (Tr. 309-10, 317.)

In reversing the decision of the ALJ, I noted that the ALJ's decision on plaintiff's impairments and her RFC was supported by substantial evidence. As a part of this, I noted I found no error with the ALJ's determination that she was not credible. The only reason I found for reversing the ALJ and remanding the matter for further proceedings was the ALJ's finding that plaintiff could perform her past relevant work, as the ALJ failed to properly assess what exactly her past work entailed.

# ANALYSIS

The EAJA mandates an award of attorney's fees to a "prevailing party" in a civil action against the United States where the government's position was not "substantially justified," no "special circumstances" make an award unjust, and the fee application is submitted to the court within 30 days of final judgment. 28 U.S.C. § 2412(d)(1); *United States v. Hallmark Const. Co.*, 200 F.3d 1076, 1078-79 (7th Cir. 2000). Because I reversed and remanded the Commissioner's decision under sentence four of § 405(g), plaintiff was the "prevailing party" in this litigation. *See Shalala v. Schaefer*, 509 U.S. 292, 302 (1993); *Raines v. Shalala*, 44 F.3d 1355, 1362 (7th Cir. 1995). As there are no "special circumstances" alleged and the application was timely, the only question is whether the Commissioner's position was substantially justified. The Commissioner contends that its position was substantially justified, and in the event I find otherwise, the amount of attorney's fees claimed should be adjusted. The Commissioner has the burden of proving that his position was substantially justified. *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004).

The position is substantially justified if it is "'justified in substance or in the main'–that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). "[A] position can be justified even though it is not correct, and we believe it can be substantially ( i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Id*. at 566 n.2; *see also Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992) ("'Substantially justified' does not mean 'justified to a high degree,' but rather has been said to be satisfied if there is a 'genuine dispute' or if reasonable people could differ as to the appropriateness of the contested action.") (quoting *Pierce*, 487 U.S. at 565).

3

The Seventh Circuit has employed a three-part standard in reviewing whether the government's position was substantially justified. It has required "that the government show that its position was grounded in: (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *Hallmark Const. Co.*, 200 F.3d at 1080 (internal quotation marks and citations omitted).

Attorney's fees may be awarded if either the Commissioner's pre-litigation conduct or his litigating position lacked substantial justification. *Golembiewski*, 382 F.3d at 724. The ALJ's decision is considered part of the Commissioner's pre-litigation conduct, but the district court is to make only one determination for the entire civil action. *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994). Thus, fees may be awarded in cases where the government's prelitigation conduct was not substantially justified even though its litigating position may have been substantially justified and vice versa. *Id*. The duty of the Court is to make a "global assessment" of the Commissioner's conduct, *Hallmark Const. Co.*, 200 F.3d at 1081, rather than a review of "atomized line items." *Commissioner, INS v. Jean*, 496 U.S. 154, 161-62 (1990).

I found that the ALJ should have obtained more information about the requirements of plaintiff's past relevant work before determining that she could again perform such work at "step four" of the disability analysis under 20 C.F.R. § 404.1520(a)(4)(iv), as it was unclear based upon the record that her job was low stress and therefore something she could perform. Plaintiff argues that because of this, the ALJ's decision was legal error and therefore not substantially justified for purposes of the EAJA. (Pl.'s Mem. Supporting Award at 4.) Plaintiff contends that the

4

Commissioner "violated clear and long judicial precedent and violated the Commissioner's own ruling–SSR 82-62." (*Id*. at 5.) (citing *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004).

In *Golembiewski*, the Seventh Circuit confronted a case in which it had reversed and remanded the district court's order affirming the Commissioner's decision to deny disability insurance benefits. The court remanded the case for three different reasons: "(1) the ALJ improperly discredited Golembiewski's testimony about pain without explaining reasons for rejecting testimony; (2) the ALJ mischaracterized the evidence; and (3) the ALJ was required to consider the entire constellation of ailments affecting Golembiewski once the ALJ found that one or more of his ailments was severe." 382 F.3d at 723. In finding that the Commissioner's position was not substantially justified under the EAJA, the court concluded,

> the ALJ and Commissioner violated clear and long judicial precedent and violated the Commissioner's own Ruling and Regulations. We found that despite the mandate of SSR 96-7p and court precedent, the body of the ALJ's decision contained no discussion of credibility and that he failed to apply the factors for evaluating symptoms set forth in Social Security Ruling 96-7p.

*Id*. at 724.

Here, unlike the Court's identification of various shortcomings in the government's position in *Golembiewski*, I identified a single flaw in the ALJ's proceedings on the issue of plaintiff's past work, namely, that the ALJ did not obtain sufficient information confirming that the past work could accommodate a limitation for low-stress work. The Commissioner notes that some evidence regarding plaintiff's past work was obtained by the ALJ, such as the information contained on the Form SSA-3368. (Def.'s Mem. in Opp. at 3-4.) Given the narrow grounds upon which I reversed the Commissioner and remanded the matter, the Commissioner contends his position was substantially justified. I agree.

5

In deciding whether the plaintiff is entitled to attorney's fees under the EAJA, I must view the matter as a whole and conduct a global assessment of the Commissioner's conduct. Bearing this in mind, I cannot conclude that the ALJ's failure to gather more information regarding the plaintiff's past relevant work converts the Commissioner's position as a whole into one that was unreasonably held, especially where substantial evidence supported the ALJ's RFC and credibility findings. Though I remanded the matter back to the Commissioner for a proper consideration of whether plaintiff could perform her past relevant work, I noted that the issue would likely prove academic given her RFC and lack of exertional limitations, as it appeared she could perform some gainful employment, even if it were determined she could not perform her past work. (Doc. # 24 at 13-14.)

It would seem that if "[s]trong language against the government's position in an opinion discussing the merits of a key issue is evidence in support of an award of EAJA fees," *Golembiewski*, 382 F.3d at 724 (citing *Marcus*, 17 F.3d at 1038), language supportive of the government's position would cut the other way in the "substantially justified" analysis. Where a court reaches the merits of a key issue and speaks of the government's position favorably, that should inform the court's analysis of whether the government's position was substantially justified under the EAJA. Here, even though I identified an error in the ALJ's decision and remanded the matter for further consideration of what plaintiff's past work entailed, I noted the likelihood that the ALJ would determine she could engage in some other gainful employment. This was because I found the ALJ's RFC and credibility findings were based upon substantial evidence. Taking the position of the Commissioner as a whole in this matter, I conclude that though the ALJ failed to obtain sufficient information on Xiong's past work, the Commissioner was substantially justified in taking the position he did.

Indeed, if fees are to be awarded under the EAJA in this case, it would be difficult to imagine a case in which the Commissioner's decision was reversed and remanded, and an award of attorneys fees would not be required. It may be that a better rule would be that a fee award is automatic whenever the plaintiff prevails. But that is not the rule Congress has enacted. Fees are awarded only where the position taken by the Commissioner was not substantially justified. Here, I find that the Commissioner's position, though incorrect, was substantially justified. Accordingly, plaintiff's motion for attorney's fees pursuant to the EAJA is **DENIED.**

**SO ORDERED** this   22nd   day of April, 2009.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge